UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 1:24-cv-12694 |
| JOHN DOE, subscriber assigned IP Address 71.184.192.192, | * | |
| | * | |
| | * | |
| Defendant. | * | |

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE
November 18, 2024

TALWANI, D.J.

**THIS CAUSE** came before the court upon Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference [Doc. No. 6], and the court being duly advised in the premises does hereby:

**FIND, ORDER AND ADJUDGE:**

1. Plaintiff has proffered evidence that the subscriber assigned IP address 71.184.192.192 has downloaded one or more files with the Plaintiff's copyrighted content and has uploaded at least a piece or piece of a file on the BitTorrent network and that Plaintiff is not able to obtain Defendant's name and address absent obtaining information from Defendant's Internet Service Provider, Verizon Fios (hereinafter the "ISP"). Thus, good cause exists for Plaintiff to serve a third party subpoena on the ISP to obtain Defendant's name and address. See e.g., Strike 3 Holdings, LLC v. Doe, 964 F.3d 1203 (D.C. Cir. 2020); London-Sire Recs., Inc. v. Doe 1, 542 F. Supp. 2d 153 (D. Mass. 2008).

2. Plaintiff may serve the ISP with a Rule 45 subpoena limited to commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP

assigned an IP address as set forth on Exhibit A to the Complaint. The subpoena shall provide sufficient time to respond to allow the ISP to file objections or move to quash the subpoena should it so choose. Plaintiff shall attach to any such subpoena a copy of this Order and the court's Protective Order [Doc. No. 8]. Should the ISP move to quash the subpoena or file any other document in this case, such filing should identify the Defendant only by his IP address or the John Doe pseudonym pending further court order.

3. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5),[1] it shall comply with 47 U.S.C. § 551(c)(2)(B)[2] by sending a copy of this Order to the Defendant.

4. Plaintiff and its counsel may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint. Plaintiff and its counsel may not disclose Defendant's name and address absent further order of the court.

5. Plaintiff's and its counsel's initial communications with Defendant shall include a copy of the Protective Order [Doc No. 8] and this order.

IT IS SO ORDERED.

November 18, 2024                    /s/ Indira Talwani
                                     United States District Judge

---

[1] 47 U.S.C. § 522(5) defines the term "cable operator" to mean "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

[2] 47 U.S.C. § 551(c)(2)(B) states: "A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."